```
ANGEL NAVARRO (State Bar No. 155702)
E-mail: angel_navarro@me.com
Attorney at Law
The Petroleum Building
714 W. Olympic Blvd., Suite 450
Los Angeles, California 90015
Telephone (213) 744-0216
Facsimile (213) 746-4435

Attorney for Defendant
OLIVER SCHAPER
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>OLIVER SCHAPER,<br><br>    Defendant. | NO. CV 11-5228-R(SH)<br><br>DEFENDANT'S FILING OF DOCUMENT RECEIVED FROM GERMAN COURT; EXHIBIT |

    Defendant, Oliver Schaper, by and through his counsel of record, Angel Navarro, Attorney at Law, hereby submits the enclosed document entitled **Court Decision**, received on July 7, 2011, from German attorney Wolfgang Koreber.

                                Respectfully submitted,

DATED: July 11, 2011        By        /s/
                                          ANGEL NAVARRO
                                          Attorney at Law

# EXHIBIT A

**Hanover Regional Court**  7th July 2011
- 18th Criminal Division -
70 Qs 26/11

## Court decision

With regard to the criminal matter

against

**Dr. Oliver S c h a p e r,**
born on 4th March 1975 in Oldenburg,
present whereabouts PO Box 0948 Tustin, CA 92781-048, CA 92780-2879, 12577 Wedgwood Circle, UNITED STATES OF AMERICA,

attorney for the defense:
Rechtsanwälte Prof. Hamm und Partner (lawyers), Wolfsgangstraße 92, 60322 Frankfurt am Main

because of fraud

the 18th Criminal Division of the Hanover Regional Court - after having heard the prosecuting attorney - has made the following decision on 7th July 2011 with regard to the immediate appeal filed by the convict against the revocation decision taken by the Hanover Local Court on 23rd August 2006 (238a BRs 18/05):

> **The revocation decision under appeal is reversed.**
>
> **The costs of the appeal proceedings and the expenditures incurred by the convict are borne by the State Treasury of Lower Saxony**

**Reasons:**

On 11th February 2005, the Hanover Local Court sentenced the appellant to two years' imprisonment for fraud in 13 cases and for breach of trust. The execution of the sentence was suspended on probation. The probation period was four years and the convict was obliged to inform the court about any change of residence, to pay to the State Treasury a fine amounting to 4,800 Euro in monthly installments of 100.00 Euro each starting on the first day of the month after the decision became final and to provide evidence of these payments to the Court without further request. The summons for trial was served on the appellant by having used the service on prisoner procedure. At the trial, the appellant had his new address in the USA recorded. The court decision on the probation has been sent to the address "Ricklinger Stadtweg 52, 30459 Hannover" and to his counsel for the defense appointed by the court.
On 17th May 2006 the prosecuting attorney filed the application to revoke the suspension of sentence on probation due to insistent breach of conditions of probation. The Hanover Local Court served the summons for hearing on the convict with certificate recording the service using the address "Ricklinger Stadtweg 52, 30459 Hannover". According to the certificate recording the service, the summons has been put into the mailbox of the convict.

On 23rd August 2006, the Hanover Local Court revoked the suspension of sentence on probation as the convict had not effected any payment. It was not possible to service this Court Decision on the convict's address "Ricklinger Stadtweg 52, 30459 Hannover". An inquiry addressed to the residents' registration office revealed that the date of moving out was 23rd September 2004 and the new address was "California 92780 Tustin 12577 Wedgwood, United States of America".

Subsequently, the Hanover Local Court ordered the service by public notice. On 16th November 2006, the Prosecuting Attorney's Office of Hanover applied to issue a warrant of arrest, later they even applied to issue a European warrant of arrest.

Presently, the convict is in extradition custody in the USA.

In a letter dated 20th May 2011, received by the Hanover Local Court on 24th May 2011, the convict "made an immediate objection against the revocation decision and the warrant of arrest and applied for the reconstitution of conditions of probation". He declared that he wrote to the Court several times in order to get to know to which account the fine should be remitted. He stated that he did not get any answer.

There is a right of immediate appeal.

The revocation decision has not been served effectively on the convict. According to the opinion of the Criminal Division the enforcement proceedings are new and separate proceedings so that the summons for trial does not involve the application of Section 40 paragraph 2 of the Code of Criminal Procedure. This also results from the fact that the original jurisdiction in the litigation is not relevant for the application of Section 40 paragraph 2 of the Code of Criminal Procedure in the enforcement proceedings as the enforcement proceedings will open an own instance for the decisions to be made (cf. Düsseldorf Higher Regional Court, Court Decision made on 3rd March 1998 – 2 Ws 115/98). With regard to the enforcement proceedings, a summons should have been served first in Germany.

Thus, Section 40 paragraph 1 of the Code of Criminal Procedure is applied. According to this Section the service of summons abroad should have been impossible or probably unsuccessful. These requirements are not fulfilled. Since the trial the Court was informed about the new address in the United States. Besides this, the residents' registration office presented the same address upon the Court's request. The Court should have tried to serve the summons on the convict's address abroad.

Consequently, a service by public notice should not have taken place so that the revocation decision was not served on the convict and the period of Section 311 of the Code of Criminal Procedure did not begin to count and the convict has the right to an immediate appeal.

This immediate appeal is successful. As the summons for hearing has not been served in due form, there was no hearing in court.

During a hearing in court, the convict would have been able to explain his financial situation and to declare that he did not receive the court decision on the probation. The Criminal Division does not believe that the convict – as stated by him – has contacted the Court as there is no evidence on record. As the convict had his new address recorded during the trial he could assume that the court decision on probation would be sent to this address.

In this respect, the revocation decision had to be reversed.

The court order as to costs results from Sections 467, 473 of the Code of Criminal Procedure.

This decision shall not be subject to further appeal (section 310 paragraph 2 of the Code of Criminal Procedure).

**Homann**
Presiding judge at the Regional Court

**Engelking**
Judge at the Regional Court

**Dr. Goedelt**
Judge